# EXHIBIT A

skip to main content

Print

# CASE INFORMATION

## CV-22-964451 SHANJA JONES vs. CLEVELAND METROPOLITAN SCHOOL DISTRICT, ET., ET AL

### Summary

| | |
|---|---|
| **Case Number:** | CV-22-964451 |
| **Case Title:** | SHANJA JONES vs. CLEVELAND METROPOLITAN SCHOOL DISTRICT, ET., ET AL |
| **Case Designation:** | TORT-MISCELLANEOUS |
| **Filing Date:** | 06/08/2022 |
| **Judge:** | WANDA C JONES |
| **Magistrate** | N/A |
| **Mediator:** | N/A |
| **Room:** | N/A |
| **Next Action:** | N/A |
| **File Location:** | PEND.FILE |
| **Last Status:** | ACTIVE |
| **Last Status Date:** | 06/08/2022 |
| **Last Disposition:** | NEWLY FILED |
| **Last Disposition Date:** | 06/08/2022 |
| **Prayer Amount:** | $25,000.00 |
| **Court of Appeals Case:** | N/A |
| **Original Case:** | N/A |
| **Refiled Case:** | N/A |

### Service

| Party Role | Name | Service Description | Sent Date | Response | Response Date |
|---|---|---|---|---|---|
| P(1) | SHANJA JONES | E-FILING SERVICE EMAIL | 06/13/2022 | | |
| P(1) | SHANJA JONES | E-FILING SERVICE EMAIL | 06/13/2022 | | |
| P(1) | SHANJA JONES | E-FILING SERVICE EMAIL | 06/13/2022 | | |
| P(1) | SHANJA JONES | E-FILING SERVICE EMAIL | 06/13/2022 | | |
| D(1) | CLEVELAND METROPOLITAN SCHOOL DISTRICT | SUMS COMPLAINT CERTIFIED MAIL | 06/09/2022 | COMPLETED | 06/13/2022 |
| D(2) | CLEVELAND METROPOLITAN SCHOOL DISTRICT BOARD OF EDUCATION | SUMS COMPLAINT CERTIFIED MAIL | 06/09/2022 | COMPLETED | 06/14/2022 |
| D(3) | EAST TECH HIGH SCHOOL | SUMS COMPLAINT CERTIFIED MAIL | 06/09/2022 | COMPLETED | 06/14/2022 |
| D(4) | ERIC S. GORDON | SUMS COMPLAINT CERTIFIED MAIL | 06/09/2022 | COMPLETED | 06/13/2022 |
| D(5) | TEMUJIN H. TAYLOR | SUMS COMPLAINT CERTIFIED MAIL | 06/09/2022 | COMPLETED | 06/13/2022 |

Civil Case All Information Page

| | | | | | |
|---|---|---|---|---|---|
| D(6) | DERRICK DUGGER | SUMS COMPLAINT CERTIFIED MAIL | 06/09/2022 | NO MAIL RECEPTACLE | 06/11/2022 |
| D(6) | DERRICK DUGGER | SUMS COMPLAINT CERTIFIED MAIL | 06/14/2022 | COMPLETED | 06/17/2022 |

# Case Parties

**PLAINTIFF** **(1)** SHANJA JONES
6028 SUPERIOR AVENUE
CLEVELAND, OH 44103

    **ATTORNEY** JOHN PATRICK COLAN (0081778)
23550 CENTER RIDGE RD.
SUITE 103
WESTLAKE, OH 44145-0000
Ph: 216-223-7535
Answer Filed: N/A

    **ATTORNEY** THOMAS D ROBENALT (0055960)
23550 CENTER RIDGE ROAD
SUITE #103
WESTLAKE, OH 44145-0000
Ph: 216-223-7535
Answer Filed: N/A

**DEFENDANT (1)** CLEVELAND METROPOLITAN SCHOOL
DISTRICT
1111 SUPERIOR AVENUE EAST
SUITE 1800
CLEVELAND, OH 44114

**DEFENDANT (2)** CLEVELAND METROPOLITAN SCHOOL
DISTRICT BOARD OF EDUCATION
1111 SUPERIOR AVENUE EAST
SUITE 1800
CLEVELAND, OH 44114

**DEFENDANT (3)** EAST TECH HIGH SCHOOL
2439 EAST 55TH STREET
CLEVELAND, OH 44104

**DEFENDANT (4)** ERIC S. GORDON
1111 SUPERIOR AVENUE EAST
SUITE 1800
CLEVELAND, OH 44114

**DEFENDANT (5)** TEMUJIN H. TAYLOR
1111 SUPERIOR AVENUE EAST
SUITE 1800
CLEVELAND, OH 44114

**DEFENDANT (6)** DERRICK DUGGER
INMATE NUMBER A763356
670 MARION-WILLAMSPORT ROAD
MARION, OH 43302

# Docket Information

7/11/22, 8:54 AM                                          Civil Case All Information Page

| Filing Date | Docket Party | Docket Type | Docket Description | View Image |
|---|---|---|---|---|
| 06/23/2022 | D6 | SR | CERTIFIED MAIL RECEIPT NO. 47764149 RETURNED 06/11/2022 FAILURE OF SERVICE ON DEFENDANT DUGGER/DERRICK/ - NO MAIL RECEPTACLE NOTICE MAILED TO PLAINTIFF(S) ATTORNEY | |
| 06/22/2022 | N/A | SR | USPS RECEIPT NO. 47801226 DELIVERED BY USPS 06/17/2022 DUGGER/DERRICK/ PROCESSED BY COC 06/22/2022. | |
| 06/22/2022 | N/A | SR | USPS RECEIPT NO. 47764148 DELIVERED BY USPS 06/13/2022 TAYLOR/TEMUJIN/H. PROCESSED BY COC 06/22/2022. | |
| 06/22/2022 | N/A | SR | USPS RECEIPT NO. 47764146 DELIVERED BY USPS 06/14/2022 EAST TECH HIGH SCHOOL PROCESSED BY COC 06/22/2022. | |
| 06/22/2022 | N/A | SR | USPS RECEIPT NO. 47764145 DELIVERED BY USPS 06/14/2022 CLEVELAND METROPOLITAN SCHOOL DISTRICT BOARD OF EDUCATION PROCESSED BY COC 06/22/2022. | |
| 06/22/2022 | N/A | SR | USPS RECEIPT NO. 47764144 DELIVERED BY USPS 06/13/2022 CLEVELAND METROPOLITAN SCHOOL DISTRICT PROCESSED BY COC 06/22/2022. | |
| 06/22/2022 | N/A | SR | USPS RECEIPT NO. 47764147 DELIVERED BY USPS 06/13/2022 GORDON/ERIC /S. PROCESSED BY COC 06/22/2022. | |
| 06/14/2022 | D6 | SR | SUMS COMPLAINT(47801226) SENT BY CERTIFIED MAIL. TO: DERRICK DUGGER INMATE NUMBER A763356 P.O. 1812 MARION, OH 43301-0000 |  |
| 06/13/2022 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 06/13/2022 | D6 | CS | WRIT FEE | |
| 06/13/2022 | P1 | SR | REQUEST FOR SERVICE FILED INSTRUCTIONSFORSERVICE |  |
| 06/12/2022 | N/A | SR | CERTIFIED MAIL RECEIPT NO. 47764149 RETURNED 6/11/2022 FAILURE OF SERVICE ON DEFENDANT DUGGER/DERRICK/ - NO SUCH NUMBER NOTICE MAILED TO PLAINTIFF(S) ATTORNEY | |
| 06/09/2022 | D6 | SR | SUMS COMPLAINT(47764149) SENT BY CERTIFIED MAIL. TO: DERRICK DUGGER INMATE NUMBER A763356 670 MARION-WILLAMSPORT ROAD MARION, OH 43302 |  |
| 06/09/2022 | D5 | SR | SUMS COMPLAINT(47764148) SENT BY CERTIFIED MAIL. TO: TEMUJIN H. TAYLOR 1111 SUPERIOR AVENUE EAST SUITE 1800 CLEVELAND, OH 44114 |  |
| 06/09/2022 | D4 | SR | SUMS COMPLAINT(47764147) SENT BY CERTIFIED MAIL. TO: ERIC S. GORDON 1111 SUPERIOR AVENUE EAST SUITE 1800 CLEVELAND, OH 44114 |  |
| 06/09/2022 | D3 | SR | SUMS COMPLAINT(47764146) SENT BY CERTIFIED MAIL. TO: EAST TECH HIGH SCHOOL 2439 EAST 55TH STREET CLEVELAND, OH 44104 |  |
| 06/09/2022 | D2 | SR | SUMS COMPLAINT(47764145) SENT BY CERTIFIED MAIL. TO: CLEVELAND METROPOLITAN SCHOOL DISTRICT BOARD OF EDUCATION 1111 SUPERIOR AVENUE EAST SUITE 1800 CLEVELAND, OH 44114 |  |
| 06/09/2022 | D1 | SR | SUMS COMPLAINT(47764144) SENT BY CERTIFIED MAIL. TO: CLEVELAND METROPOLITAN SCHOOL DISTRICT 1111 SUPERIOR AVENUE EAST SUITE 1800 CLEVELAND, OH 44114 |  |
| 06/08/2022 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 06/08/2022 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 06/08/2022 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 06/08/2022 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 06/08/2022 | D6 | CS | WRIT FEE | |
| 06/08/2022 | D5 | CS | WRIT FEE | |
| 06/08/2022 | D4 | CS | WRIT FEE | |
| 06/08/2022 | D3 | CS | WRIT FEE | |
| 06/08/2022 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 06/08/2022 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 06/08/2022 | D2 | CS | WRIT FEE | |
| 06/08/2022 | D1 | CS | WRIT FEE | |
| 06/08/2022 | N/A | SF | JUDGE WANDA C JONES ASSIGNED (RANDOM) | |
| 06/08/2022 | P1 | SF | LEGAL RESEARCH | |
| 06/08/2022 | P1 | SF | LEGAL NEWS | |
| 06/08/2022 | P1 | SF | LEGAL AID | |
| 06/08/2022 | P1 | SF | COURT SPECIAL PROJECTS FUND | |
| 06/08/2022 | P1 | SF | COMPUTER FEE | |
| 06/08/2022 | P1 | SF | CLERK'S FEE | |

| 06/08/2022 | P1 | SF | DEPOSIT AMOUNT PAID THOMAS D ROBENALT |
| 06/08/2022 | N/A | SF | CASE FILED: COMPLAINT |



## Costs

| Account | Amount |
|---|---|
| CLERK'S FEES | $94.77 |
| COMPUTER FEES | $20.00 |
| COURT SPECIAL PROJECTS FUND | $50.00 |
| LEGAL AID | $25.74 |
| LEGAL NEWS | $10.00 |
| LEGAL RESEARCH - CIVIL | $3.00 |
| TOTAL COST | $203.51 |

Only the official court records available from the Cuyahoga County Clerk of Courts, available in person, should be relied upon as accurate and current.

Website Questions or Comments.

Copyright © 2022 PROWARE. All Rights Reserved. 1.1.258



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**June 8, 2022 12:15**

By: THOMAS D. ROBENALT 0055960

Confirmation Nbr. 2570933

SHANJA JONES                                    CV 22 964451

      vs.

                                      **Judge:** WANDA C. JONES

CLEVELAND METROPOLITAN SCHOOL DISTRICT,
ET., ET AL

Pages Filed:  16

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| SHANJA JONES<br>6028 Superior Avenue<br>Cleveland, OH 44103 | )<br>)<br>)<br>) | CASE NO.: |
| Plaintiff, | )<br>) | JUDGE: |
| v. | )<br>) | |
| CLEVELAND METROPOLITAN SCHOOL<br>DISTRICT<br>1111 Superior Avenue East, Suite 1800<br>Cleveland, Ohio 44114 | )<br>)<br>)<br>)<br>) | **COMPLAINT** |
| And | )<br>)<br>) | **(JURY DEMAND ENDORSED<br>HEREON)** |
| CLEVELAND METROPOLITAN SCHOOL<br>DISTRICT BOARD OF EDUCATION<br>1111 Superior Avenue East, Suite 1800<br>Cleveland, Ohio 44114 | )<br>)<br>)<br>)<br>) | |
| and | )<br>)<br>) | |
| EAST TECH HIGH SCHOOL<br>2439 East 55th Street<br>Cleveland, Ohio 44104 | )<br>)<br>)<br>) | |
| and | )<br>)<br>) | |
| ERIC S. GORDON, Individually, and In His<br>Capacity as CEO of the Cleveland Metropolitan<br>School District.<br>1111 Superior Avenue East, Suite 1800<br>Cleveland, Ohio 44114 | )<br>)<br>)<br>)<br>)<br>) | |
| and | )<br>)<br>) | |
| TEMUJIN H. TAYLOR, Individually, and In<br>His Capacity as Principal of East Tech High<br>School<br>1111 Superior Avenue East, Suite 1800<br>Cleveland, Ohio 44114 | )<br>)<br>)<br>)<br>)<br>) | |
| and | )<br>)<br>) | |

DERRICK DUGGER                                    )
Inmate Number: A763356                            )
c/o North Central Correctional Institution        )
670 Marion-Willamsport Road                       )
Marion, Ohio 43302                                )
                                                  )
                    Defendants.                   )
                                                  )

Plaintiff, by and through her attorneys, files the following Complaint against the above-named

Defendants, and for her cause of action, states and avers as follows:

1.      At all times material herein, Plaintiff Shanja Jones (hereinafter "Plaintiff") was a

resident of Cuyahoga County in the State of Ohio. Moreover, at all times material, Plaintiff was a

student at Defendants Cleveland Metropolitan School District at East Tech High School, Cleveland,

Ohio having attended the East Tech High School from approximately August 2017 until May 2021.

Her date of birth is October 21, 2002 and thus, at all times material, she was a minor student of all

Defendants.

2.      Defendants Cleveland Metropolitan School District, Cleveland Metropolitan School

District Board of Education and East Tech High School (hereinafter "East Tech") are a non-profit

corporation, duly organized and existing pursuant to the laws of the State of Ohio, which owns and

operates East Tech High School located at 2439 East 55th Street; Cleveland, Ohio 44104.  As such

they have to comply with various requirements regarding schools put forth by the State of Ohio and

the Ohio Board of Education.

3.      East Tech has a special relationship as it relates to their students, including Plaintiff,

to protect their students including Plaintiff. They employed the individual Defendants named herein

including Derrick Dugger. They had duties to investigate Derrick Dugger.  They have certain duties

to protect minors, students and/or participants in their programs from child abuse and sexual abuse,

to report child sexual abuse, and to prevent ongoing harm from child sexual abuse and/or grooming.

These duties included reporting even any allegation or suspicion of child abuse and/or grooming. At all times material, they were an "actor" and knew or should have known about the child abuse of Plaintiff. At all times material, they had a custom and/or practice of not investigating and/or hiding grooming behaviors of their employees including Derrick Dugger. They had a custom and/or practice that amounted to deliberate indifference, negligence, and wanton and reckless conduct.

4.      East Tech receives federal funding and financial assistance within the meaning of 20 U.S.C. § 1681(a) and are otherwise subject to Title IX.

5.      At all times relevant herein, Defendant Eris S. Gordon ("Gordon") was the CEO of the Cleveland Metropolitan School District and had duties to protect Plaintiff. He knew or should have known about the child abuse of Plaintiff.

6.      At all times relevant herein, Gordon was an employee and/or agent of East Tech and was acting within the course and scope of his employment and/or agency with Defendant East Tech, such that Defendant East Tech is liable for his negligent acts and/or omissions pursuant to the doctrine of *respondeat superior*. He is sued in his individual and representative capacity. At all times material, he was an "actor."

7.      At all times relevant herein, Defendant Temujin H. Taylor ("Taylor") was the principal of East Tech High School and had duties to protect Plaintiff. He knew or should have known about the child abuse of Plaintiff.

8.      At all times relevant herein, Taylor was an employee and/or agent of Defendant East Tech and was acting within the course and scope of his employment and/or agency with Defendant East Tech, such that Defendant East Tech is liable for his negligent acts and/or omissions pursuant to the doctrine of *respondeat superior*. He is sued in his individual and representative capacity. At all times material, he was an "actor."

9.      Defendant Derrick Dugger ("Dugger") is the former security guard at East Tech High School. At all times material Dugger was an actor, a teacher and/or administrator and had power and authority over Plaintiff.

10.     Upon information and belief Dugger was not licensed pursuant to O.R.C. 3319.301 such that he and the other Defendants are not entitled to immunity contained in chapter 2744.01. He had grooming and/or recruiting propensities that were known to all Defendants.  In other words, all Defendants knew he would get close to young children in inappropriate or questionable ways.

11.     This Court has jurisdiction over the subject matter of this case pursuant to R.C. 2305.111(C), as it is timely brought within twelve years of the date on which Plaintiff reached the age of majority and all Plaintiffs claims are against all Defendants as actors and are all childhood sexual abuse or resulting from or all about childhood sexual abuse.

12.     R.C. 2305.111(C) provides, in pertinent part "an action brought by a victim of childhood sexual abuse **asserting any claim resulting from child sexual abuse**, shall be brought within twelve years after the cause of action accrues.  For purposes of this section . . . a cause of action . . . accrues upon the date on which the victim reaches the age of majority." **(Emphasis added)**.

13.     Plaintiff is a victim of childhood sexual abuse and brings the claims described herein that are resulting from childhood sexual abuse within twelve years of her age of majority.

14.     Venue is proper in Cuyahoga County because the events giving rise to all or part of the claims for relief enumerated herein occurred in Cuyahoga County, Ohio.

15.     Plaintiff attended East Tech High School August of 2017 until May of 2021 and was subject to the power and authority of Dugger.  Dugger used his power and authority to groom Plaintiff for childhood sexual abuse and to commit childhood sexual abuse upon Plaintiff. At all times relevant herein, Plaintiff was a minor under the age of eighteen.

16.     Dugger, while on East Tech school grounds and/or property, groomed Plaintiff. This happened from August of 2017 until November of 2018.

17.     Dugger made inappropriate sexual comments to Plaintiff.

18.     Duggger's grooming and other inappropriate conduct such as sexual comments to students were reported to officials at the school and nothing was done.

19.     Duggger's grooming and other inappropriate conduct such as sexual comments to students were reported by female security guards to school officials and nothing was done.

20.     A report about Dugger's inappropriate sexual behavior with children was made to East Tech officials prior to the abuse on Plaintiff but East Tech failed to investigate and take action.

21.     Dugger physically touched Plaintiff for his sexual gratification at East Tech High School.

22.     Dugger sent unsolicited pictures of his genitalia to Plaintiff.

23.     Dugger, has committed, amongst other things, gross sexual imposition upon Plaintiff.

24.     The location and description of where Dugger was able to commit his acts is a defect for an office in a school as a result Plaintiffs claims against all defendants, at least in part, are based on physical defects on the grounds and Defendants are, therefore, not entitled to immunity pursuant to O.R.C. 2744.02 (B)(4).

25.     Dugger's actions with Plaintiff were either known to the other Defendants and they failed to do anything about it, consented to it and/or they were willfully ignorant.  Furthermore, they were malicious, acting in bad faith, wanton, or reckless.  Plaintiff, a minor at the time, was under the power and control of this adult and/or aide and/or security guard. Dugger's actions with Plaintiff were foreseeable to all Defendants and all Defendants saw his actions with Plaintiff as likely.

26.     Upon information and belief Defendants themselves did not report any of Dugger's

actions, propensities, or grooming to authorities. This is violation of child abuse reporting statutes and negligence per se. As such, Defendants are not entitled to any immunity pursuant to O.R.C. 2744.02 (B)(5).

27.     The Board and/or School, upon information and belief, never conducted a full investigation in violation of Title IX and Section 1983.

28.     All Defendants had duties to not allow this to happen and investigate even the possibility of it happening but negligently, willfully and recklessly failed at those duties and allowed it to happen.

29.     Defendants East Tech, Gordon, and Taylor were negligent and/or recklessness in supervising Defendant Dugger.

30.     Upon information and belief Dugger had committed similar acts, as those described above, on other students prior to those on Plaintiff and this was known or should have been known to Defendants East Tech, Gordon, and Taylor. This was negligent, reckless, and violated provisions of the Ohio Revised Code.

31.     Defendants East Tech, Gordon, and Taylor negligently retained and/or supervised Dugger and are not subject to immunity because this was negligence and took place on the grounds of the school.

<u>**COUNT I**</u>

**GROSS SEXUAL IMPOSITION AND SEXAUL IMPOSITION AND/OR ATTEMPT
PURSUANT TO 2907.05 AND 2907.06**

32.     All of the statements and averments in the foregoing Paragraphs are incorporated by reference as if fully rewritten herein.

33.     Defendant Dugger was a "teacher, administrator, coach, or other person in authority employed by or serving in a school" within the meaning of R.C. 2305.111(A)(1)(b)(iii).

34.     Defendant Dugger's inappropriate contact with Plaintiff who was a minor, which is more fully described above, would constitute a violation of 2907.05 and R.C. 2907.06 or an attempt under either.

35.     Defendant Dugger's actions were harmful and offensive to Plaintiff and her sense of personal dignity.

36.     Pursuant to R.C. 2305.111(A)(1)(b), Defendants conduct constituted "childhood sexual abuse."

37.     As a direct and proximate result of Defendant Dugger's offensive and inappropriate actions with Plaintiff, she has suffered damages including, *inter alia*, severe emotional pain and trauma, anxiety, and has incurred medical expenses and will continue to incur medical expenses, all of which are permanent in nature and will continue.

## COUNT II

### NEGLIGENT HIRING, RETENTION, AND SUPERVISION

38.     All of the statements and averments in the foregoing Paragraphs are incorporated by reference as if fully rewritten herein.

39.     At all times relevant herein, Defendant Dugger was an employee and/or agent of Defendant East Tech.

40.     Defendants East Tech, Gordon, and Taylor failed to take any steps to investigate, report, stop, or prevent Dugger from behaving inappropriately with female students including Plaintiff.

41.     East Tech, Gordon, and Taylor permitted his regular contact with female students unsupervised with conscious disregard for the rights and safety of Plaintiff and East Tech's other female students.

42.     Defendants failed to perform an adequate investigation of Dugger prior to hiring him, failed to discipline and/or terminate Dugger after acquiring actual knowledge that he engaged in inappropriate acts and/or relationships with female students, and/or improperly concealed information and minimized reports regarding Dugger engaging in such acts and/or relationships with students.

43.     In light of the actual knowledge of Dugger's inappropriate conduct with students, Defendants' retention of Dugger as an employee and/or agent —which permitted his regular contact with female students unsupervised—was reckless and with conscious disregard for the rights and safety of Plaintiff and other female students.

44.     If Defendants had taken appropriate action after acquiring actual knowledge of Dugger's inappropriate behavior, Dugger would not have been hired, or he would have been terminated, and Plaintiff would not have been subjected to the inappropriate contact described above.

45.     As a direct and proximate result of Defendants' negligence and/or recklessness in hiring, retaining, and/or supervising Dugger, Plaintiff suffered, *inter alia*, inappropriate, and sexually charged actions, an invasion of her right to privacy, severe emotional pain and trauma, and anxiety. It is all resulting from childhood sexual abuse at the hands of actors Defendants.

46.     As a further direct and proximate result of Defendants' negligence and/or recklessness in its hiring, retention, and/or supervision of Defendant Dugger, Plaintiff has required therapy and medical treatment, and has incurred medical expenses, and will require additional therapy and medical treatment and incur additional medical expenses into the indefinite future.

47.     As a direct and proximate result of Defendants' negligence and/or recklessness in supervising Defendant Dugger, Plaintiff suffered, *inter alia*, inappropriate, and sexually charged actions, an invasion of her right to privacy, severe emotional pain and trauma, and anxiety.  It is all resulting from childhood sexual abuse at the hands of actors Defendants.

48.    As a further direct and proximate result of Defendants' negligence and/or recklessness in supervising of Defendant Dugger, Plaintiff has required therapy and medical treatment, and has incurred medical expenses, and will require additional therapy and medical treatment and incur additional medical expenses into the indefinite future.

## COUNT III

### INFLICTION OF EMOTIONAL DISTRESS

49.    All of the statements and averments in the foregoing Paragraphs are incorporated by reference as if fully rewritten herein.

50.    Defendants violated Plaintiff's right to privacy by engaging in inappropriate sexual conduct and gross sexual imposition and/or attempted towards and with Plaintiff, all of which was inappropriate, unwarranted, unwelcomed, and nonconsensual and/or the result of coercion and power over Plaintiff.

51.    Defendants acted intentionally and/or recklessly and knew or should have known that their actions and/or inactions could and/or would result in severe emotional distress to Plaintiff.

52.    All Defendant's conduct was so extreme and outrageous, as described above, to go beyond all possible bounds of decency and is such that it would be considered utterly intolerable in a civilized community.

53.    Plaintiff's injuries and psychological injuries, as described above, proximately resulted from the actions of all Defendants.

54.    Plaintiff has suffered mental anguish that is serious and of a nature that no reasonable person could be expected to endure it.

55.    All Defendant's conduct, as described above, is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, is atrocious, and utterly intolerable

in a civilized community – especially in a civilized community that is currently addressing its history of sexual assault and abuse at the hands of those in power as evidence by the "# me too movement." In this environment, the community would certainly be outraged at the facts contained in this Complaint, have resentment against the Defendants, and lead a member of the community to exclaim "outrageous."

56.     The allegations in this Complaint are not mere insults, indignities, threats, annoyances, petty oppression, or other trivialities as evidence by how Plaintiff has tried and attempted to cope but still requires therapy and treatment.

57.     As a direct and proximate result of Defendants' reckless conduct, Plaintiff suffered, *inter alia*, severe emotional distress, pain, and trauma, anxiety, and has required therapy and medical treatment, and has incurred medical expenses, and will require additional therapy and medical treatment and incur additional medical expenses into the indefinite future.

<u>**COUNT IV**</u>

**VIOLATION OF TITLE IX OF THE U.S. CODE AGASINT ALL DEFENDANTS**

58.     All of the statements and averments in the foregoing Paragraphs are incorporated by reference as if fully rewritten herein.

59.     This count of Plaintiff's Complaint arises under Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688 (hereinafter, "Title IX") due to all Defendants' deliberate indifference to sexual assault.

60.     This Court has concurrent jurisdiction over Plaintiff's Count for violations of Title IX pursuant to *Taffin v. Levit* 493 U.S. 455 (1990).

61.     Defendant East Tech receives federal funding and financial assistance within the meaning of 20 U.S.C. § 1681(a) and is otherwise subject to Title IX.

62.    Title IX prohibits federally funded institutions such Defendant East Tech from engaging in discrimination on the basis of sex. Sexual abuse and harassment is included within the meaning of "discrimination" under Title IX.

63.    Sexual abuse or harassment of a student and/or participant creates a hostile environment if the conduct is sufficiently severe that it denies or limits a student's and/or participants ability to participate in or benefit from educational programs. Here Plaintiff had to leave the school because of the actions of Defendants.

64.    Title IX requires schools to promptly investigate student complaints of sexual harassment, and to take interim measures to ensure that its students are not subjected to a hostile education environment. The failure to do so amounts to "deliberate indifference" for which Defendant East Tech may be held liable under Title IX.

65.    Defendants East Tech, Gordon, and Taylor failed to take measures to ensure the safety of Plaintiff and, undoubtedly, others from the acts of Dugger.

66.    All Defendants lack of action constitutes "deliberate indifference" in violation of Title IX.

67.    As a direct and proximate result of Defendants East Tech, Gordon, and Taylor vilaton of Title IX, Plaintiff suffered damages and continues to suffer damages.

68.    As a direct and proximate result of Defendants East Tech, Gordon, and Taylor's violations of Title IX, Plaintiff was deprived of equal access to education opportunities.  Plaintiff is entitled to monetary and injunctive relief.

## COUNT V

### NEGLIGENCE AGASINT ALL DEFENDANTS

69.    All of the statements and averments in the foregoing Paragraphs are incorporated by reference as if fully rewritten herein.

70.     All Defendants had a duty to protect Plaintiff from the child abuse and sexual abuse she suffered at the hands of Dugger.

71.     All Defendants had an affirmative duty to ensure their employees and/or affiliates such as Dugger were not of the type or character that would commit child abuse and sexual abuse.

72.     All Defendants had a duty to investigate any potentiality of child abuse or sexual abuse at their school and/or programs.

73.     All Defendants knew or should have known or should have investigated whether Dugger was committing child abuse and sexual abuse upon Plaintiff.

74.     All Defendants breached their duties as described in paragraphs above and were negligent.

75.     As a direct and proximate result of the negligence of all Defendants Plaintiff has suffered immensely, continues to suffer, has emotional distress, psychological damage, and economic damages.  Plaintiff is entitled to monetary and injunctive relief.

## COUNT VI

## NEGLIGENCE PER SE AGASINT ALL DEFENDANTS FOR VIOLATION OF O.R.C. 2151.421 AND OTHER STATUTES

76.     All of the statements and averments in the foregoing Paragraphs are incorporated by reference as if fully rewritten herein.

77.     All Defendants had a duty to protect Plaintiff from the child abuse and sexual abuse she suffered at the hands of Dugger.

78.     All Defendants had an affirmative duty to ensure their employees and/or affiliates such as Dugger were not of the type or character that would commit child abuse and sexual abuse.

79.     All Defendants had a duty to investigate any potentiality of child abuse or sexual abuse at the class and/or program described herein.

80.     All Defendants knew or should have known or should have investigated whether or not Dugger was committing child abuse and sexual abuse upon Plaintiff.

81.     Defendants had a duty pursuant to O.R.C. 2151.421 to report all the abuse and neglect and even suspicion of abuse in neglect alleged in this complaint and failed to do so at all.

82.     All Defendants breached their duties as described in paragraphs above and were negligent and negligent per se.

83.     As a direct and proximate result of the negligence of all Defendants Plaintiff has suffered immensely, continues to suffer, has emotional distress, psychological damage, and economic damages.  Plaintiff is entitled to monetary and injunctive relief.

## COUNT VII

**VIOLATION OF SECTION 1983 OF THE U.S. CODE AGASINT ALL DEFENDANTS IN THEIR INDIVIDUAL AND OFFICIAL CAPAICTY FOR FAILURE TO SUPERVISE, TRAIN, AND TAKE CORRECTIVE MEASUURES CAUSING CONSTITUTIONAL VIOLATIONS OF THE FOURTEENTH AMENDMENT AND DUE PROCESS (a Monell Claim pursuant to *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)).**

84.     All of the statements and averments in the foregoing Paragraphs are incorporated by reference as if fully rewritten herein.

85.     Plaintiff is a citizen of the United States.

86.     Plaintiff was deprived of her federal rights of due process and against discrimination based on sex.

87.     Her depravation of rights was committed by all Defendants who were acting under color of state law.  School children have a constitutional right to personal security and to bodily integrity . . . This right includes the right to be free from sexual abuse at the hands of public-school employees.  *See Kallstrom v. City of Columbus,* 136 F. 3d 1055, 1062 (6th Cir. 1998).

88.     There was a clear and persistent pattern of sexual abuse by school employees.

89.   The school had notice and/or constructive notice.

90.   All Defendants approved and/or ratified and/or tacitly approved the sexual abuse which amounted to an official policy of inaction.  This was the moving force behind Plaintiff's deprivation of rights and damages.

91.   All Defendants knew of a custom, propensity, and pattern at times relevant to the allegations herein, as described above, that among teachers and staff there was a pattern for failing and/or refusing to investigate and take seriously discrimination based on sex.  All Defendants disregard of the knowledge, or failure and/or refusal to adequately investigate and discover and correct such customs and propensities, proximately caused the violation of the Constitutional rights of Plaintiff as alleged herein.

92.   Plaintiff is informed and believes and thereon alleges that All Defendants knew or should have known of their pattern or practice of unconstitutional violations, or the existence of facts, practices, customs and/or habits, which create the strong potential for unconstitutional acts, and All Defendants had a duty to supervise, train, and instruct their subordinates to prevent similar acts to others and Plaintiff, but failed and/or refused to take reasonable and necessary steps to properly supervise, train, instruct, or investigate teachers and staff and as a direct and proximate result, Plaintiff was harmed by the patterns or practices.

## PRAYER FOR RELIEF

**WHEREFORE,** on all Counts set forth above, Plaintiff prays for judgment in her favor and against all Defendants, jointly and/or severally, as follows:

A.  Compensatory damages in the amount in excess of $25,000.00;

B.  Punitive damages in an amount to be determined at trial;

C.  Pre- and/or post-judgment interest as allowed by law;

D.  Reasonable costs and attorneys' fees incurred in bringing this action; and,

E.  Any and all other relief that this Court may deem just and proper to adequately
compensate Plaintiff for her injuries in this matter.

Respectfully submitted,

*/s/ Thomas D. Robenalt*

THOMAS D. ROBENALT (#0055960)
JOHN COLAN (#0081778)
**THE ROBENALT LAW FIRM, INC.**
23550 Center Ridge Road, Suite 103
Westlake, Ohio 44145
Phone: (216) 223-7535
Fax: (216) 307-2352
Email:  trobenalt@robenaltlaw.com
Email:  jcolan@robenaltlaw.com

*Attorneys for Plaintiff*

### DEMAND FOR TRIAL BY JURY

Pursuant to Civ.R. 38(B), Plaintiff hereby demands a trial by jury of all claims listed herein that are so triable.

Respectfully submitted,

*/s/ Thomas D. Robenalt*

THOMAS D. ROBENALT (#0055960)
JOHN COLAN (#0081778)
**THE ROBENALT LAW FIRM, INC.**
23550 Center Ridge Road, Suite 103
Westlake, Ohio 44145
Phone: (216) 223-7535
Fax: (216) 307-2352
Email:  trobenalt@robenaltlaw.com
Email:  jcolan@robenaltlaw.com

*Attorneys for Plaintiff*

**THE COURT OF COMMON PLEAS, CIVIL DIVISION
CUYAHOGA COUNTY, OHIO**

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

<u>SHANJA JONES</u>
**Plaintiff**

V.

<u>CLEVELAND METROPOLITAN SCHOOL
DISTRICT, ET., ET AL</u>
**Defendant**

CASE NO.  CV22964451

**JUDGE**  WANDA C JONES

# SUMMONS  SUMC  CM

Notice ID:  47764145



| | | |
|---|---|---|
| From:  SHANJA JONES<br>6028 SUPERIOR AVENUE<br>CLEVELAND OH 44103 | | P1 |

| | | |
|---|---|---|
| Atty.:  THOMAS D ROBENALT<br>23550 CENTER RIDGE ROAD<br>SUITE #103<br>WESTLAKE, OH 44145-0000 | | |

| | | |
|---|---|---|
| To:  CLEVELAND METROPOLITAN SCHOOL<br>DISTRICT BOARD OF EDUCATION<br>1111 SUPERIOR AVENUE EAST<br>SUITE 1800<br>CLEVELAND OH 44114 | | D2 |

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff.  You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd
Clerk of Court of Common Pleas
216-443-7950**

Date Sent: <u>06/08/2022</u>

By_____
                                    **Deputy**

CMSN130


**UNITED STATES**
**POSTAL SERVICE**®

Date Produced: 06/20/2022

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3546 7530 50. Our records indicate that this item was delivered on 06/14/2022 at 12:21 p.m. in CLEVELAND, OH 44114. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

### THE COURT OF COMMON PLEAS, CIVIL DIVISION
### CUYAHOGA COUNTY, OHIO

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

<u>SHANJA JONES</u>
**Plaintiff**

V.

<u>CLEVELAND METROPOLITAN SCHOOL</u>
<u>DISTRICT, ET., ET AL</u>
**Defendant**

**CASE NO.** CV22964451

**JUDGE** WANDA C JONES

## SUMMONS  SUMC  CM

Notice ID: 47764144



| From: | SHANJA JONES                 P1 |
|-------|---------------------------------|
|       | 6028 SUPERIOR AVENUE            |
|       | CLEVELAND OH 44103              |

| Atty.: | THOMAS D ROBENALT       |
|--------|-------------------------|
|        | 23550 CENTER RIDGE ROAD |
|        | SUITE #103              |
|        | WESTLAKE, OH 44145-0000 |

| To: | CLEVELAND METROPOLITAN SCHOOL      D1 |
|-----|---------------------------------------|
|     | DISTRICT                              |
|     | 1111 SUPERIOR AVENUE EAST             |
|     | SUITE 1800                            |
|     | CLEVELAND OH 44114                    |

#### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff.  You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

Date Sent: <u>06/08/2022</u>

By_____
                                    **Deputy**

CMSN130

 **UNITED STATES POSTAL SERVICE**

Date Produced: 06/20/2022

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3546 7530 36. Our records indicate that this item was delivered on 06/13/2022 at 01:21 p.m. in CLEVELAND, OH 44114. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number      Case  CV2296445
CV2296445 R4786414V/ CLEVELAND METROPOLITAN SCHOOL DISTRICT / 2022-6-22 05:08
Sent To:  1111 SUPERIOR AVENUE EAST SUITE 1800 CLEVELAND, OH 44114

## THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

SHANJA JONES
**Plaintiff**

V.

CLEVELAND METROPOLITAN SCHOOL
DISTRICT, ET., ET AL
**Defendant**

**CASE NO.** CV22964451

**JUDGE** WANDA C JONES

# SUMMONS  SUMC  CM

Notice ID: 47764146

| From: | SHANJA JONES | P1 |
| | 6028 SUPERIOR AVENUE | |
| | CLEVELAND OH 44103 | |

| Atty.: | THOMAS D ROBENALT |
| | 23550 CENTER RIDGE ROAD |
| | SUITE #103 |
| | WESTLAKE, OH 44145-0000 |

| To: | EAST TECH HIGH SCHOOL | D3 |
| | 2439 EAST 55TH STREET | |
| | CLEVELAND OH 44104 | |

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff.  You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

**Date Sent:** 06/08/2022

By_____
**Deputy**

CMSN130


**UNITED STATES POSTAL SERVICE**

Date Produced: 06/20/2022

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3546 7530 74. Our records indicate that this item was delivered on 06/14/2022 at 10:06 a.m. in CLEVELAND, OH 44104. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

**THE COURT OF COMMON PLEAS, CIVIL DIVISION
CUYAHOGA COUNTY, OHIO**

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

SHANJA JONES
**Plaintiff**

V.

CLEVELAND METROPOLITAN SCHOOL
DISTRICT, ET., ET AL
**Defendant**

CASE NO. CV22964451

JUDGE WANDA C JONES

# SUMMONS   SUMC  CM

Notice ID: 47764147



| From: | SHANJA JONES                    P1 |
|-------|-------------------------------------|
|       | 6028 SUPERIOR AVENUE                |
|       | CLEVELAND OH 44103                  |

| Atty.: | THOMAS D ROBENALT          |
|--------|----------------------------|
|        | 23550 CENTER RIDGE ROAD    |
|        | SUITE #103                 |
|        | WESTLAKE, OH 44145-0000    |

| To: | ERIC S. GORDON                    D4 |
|-----|---------------------------------------|
|     | INDIVIDUALLY , AND IN HIS CAPACITY AS CEO |
|     | OF THE CLEVEAND METROPOLITAN SCHOOL   |
|     | DISTRICT                              |
|     | 1111 SUPERIOR AVENUE EAST             |
|     | SUITE 1800                            |
|     | CLEVELAND OH 44114                    |

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff.  You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd
Clerk of Court of Common Pleas
216-443-7950**

Date Sent: <u>06/08/2022</u>

By_____
**Deputy**

CMSN130

 **UNITED STATES POSTAL SERVICE**

Date Produced: 06/20/2022

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3546 7530 98. Our records indicate that this item was delivered on 06/13/2022 at 01:21 p.m. in CLEVELAND, OH 44114. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

CV22564451 R47764117/ JORDAN/ERIC /S/ 13022 CV22564451
Sent To:  1111 SUPERIOR AVENUE EAST SUITE 1800 CLEVELAND, OH 44114

**THE COURT OF COMMON PLEAS, CIVIL DIVISION**
**CUYAHOGA COUNTY, OHIO**

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

SHANJA JONES
**Plaintiff**

V.

CLEVELAND METROPOLITAN SCHOOL
DISTRICT, ET.. ET AL
**Defendant**

CASE NO.  CV22964451

**JUDGE**  WANDA C JONES

# SUMMONS   SUMC  CM

Notice ID:  47764148



| From: | SHANJA JONES | P1 |
| | 6028 SUPERIOR AVENUE | |
| | CLEVELAND OH 44103 | |

| Atty.: | THOMAS D ROBENALT |
| | 23550 CENTER RIDGE ROAD |
| | SUITE #103 |
| | WESTLAKE, OH 44145-0000 |

| To: | TEMUJIN H. TAYLOR | D5 |
| | INDIVIDUALLY , AND IN HIS CAPACITY AS | |
| | PRINCIPAL OF EAST TECH HIGH SCHOOL | |
| | 1111 SUPERIOR AVENUE EAST | |
| | SUITE 1800 | |
| | CLEVELAND OH 44114 | |

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff.  You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

Date Sent: 06/08/2022

By_____
                    Deputy

CMSN130

 **UNITED STATES POSTAL SERVICE**

Date Produced: 06/20/2022

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3546 7531 11. Our records indicate that this item was delivered on 06/13/2022 at 01:21 p.m. in CLEVELAND, OH 44114. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.



US POSTAGE PITNEY BOWES

ZIP 44102 $ 007.36⁰
02 4W
0000367348 JUN. 09. 2022

JUN 2 2 2022

CERTIFIED MAIL®
United States Postal Service®

RETURN RECEIPT REQUESTED ELECTRON

9314 8001 1300 3546 7531 28

NAILAH K. BYRD
1200 Ontario
Cleveland, OH 44113

Case# CV22964451

DERRICK DUGGER
C/O NORTH CENTRAL CORRECTIONAL
INSTITUTION
INMATE NUMBER A763356
670 MARION-WILLAM
MARION OH 43302

NIXIE 430 DE 1 0430

RETURN TO SENDER
NO MAIL RECEPTACLE
UNABLE TO FORWARD

BC: 44113161099      *0346-08042-10-27

3306/15/22

*0346-08042-10-27

44113>1610



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**REQUEST FOR SERVICE**
June 13, 2022 12:48

By: THOMAS D. ROBENALT 0055960

Confirmation Nbr. 2574425

SHANJA JONES

vs.

CLEVELAND METROPOLITAN SCHOOL DISTRICT,
ET., ET AL

CV 22 964451

**Judge:**  WANDA C. JONES

Pages Filed:  18



Common Pleas Court of Cuyahoga County, Ohio
**Nailah K. Byrd, Clerk of Courts**

### INSTRUCTIONS FOR SERVICE

Shanja Jones
_____
Plaintiff(s)

Vs.
Cleveland Metropolitan School District, ET., ET AL.
_____
Defendants(s)

Case Number CV-22-964451
_____

Judge: Wanda C. Jones _____

Date: June 13, 2022
_____

Method of Service Requested:

Certified Mail Service ✔ Ordinary Mail Service ☐

Personal Service by the Sheriff of _____ County ____

Residence Service by the Sheriff of _____ County ____

Personal Service By Process Server _____

Residence Service by Process Server _____

Civ.R. 4.7 Waiver Requested _____

Name(s) and Address(es) of Parties to Serve:

Derrick Dugger Inmate Number A763356
c/o North Central Correctional Institution
P.O. 1812
Marion Ohio 43301

Additional Instructions:
_____
_____
_____

Filing Party Name: /s/ Thomas Robenalt _____     Supreme Court ID if applicable: 0055960 _____

Phone Number: 216-223-7535 _____

_For Use by Sheriff or Process Server Only_

Number of Service Attempts: 0

Address for Service if Different from address included above: _____



### NAILAH K. BYRD
### CUYAHOGA COUNTY CLERK OF COURTS
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
June 8, 2022 12:15

By: THOMAS D. ROBENALT 0055960

Confirmation Nbr. 2570933

SHANJA JONES

vs.

CLEVELAND METROPOLITAN SCHOOL DISTRICT,
ET., ET AL

CV 22 964451

**Judge:** WANDA C. JONES

**Pages Filed:** 16

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| SHANJA JONES | ) | CASE NO.: |
| 6028 Superior Avenue | ) | |
| Cleveland, OH 44103 | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE: |
| v. | ) | |
| | ) | |
| CLEVELAND METROPOLITAN SCHOOL | ) | |
| DISTRICT | ) | **COMPLAINT** |
| 1111 Superior Avenue East, Suite 1800 | ) | |
| Cleveland, Ohio 44114 | ) | |
| | ) | **(JURY DEMAND ENDORSED** |
| And | ) | **HEREON)** |
| | ) | |
| CLEVELAND METROPOLITAN SCHOOL | ) | |
| DISTRICT BOARD OF EDUCATION | ) | |
| 1111 Superior Avenue East, Suite 1800 | ) | |
| Cleveland, Ohio 44114 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| EAST TECH HIGH SCHOOL | ) | |
| 2439 East 55th Street | ) | |
| Cleveland, Ohio 44104 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ERIC S. GORDON, Individually, and In His | ) | |
| Capacity as CEO of the Cleveland Metropolitan | ) | |
| School District. | ) | |
| 1111 Superior Avenue East, Suite 1800 | ) | |
| Cleveland, Ohio 44114 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| TEMUJIN H. TAYLOR, Individually, and In | ) | |
| His Capacity as Principal of East Tech High | ) | |
| School | ) | |
| 1111 Superior Avenue East, Suite 1800 | ) | |
| Cleveland, Ohio 44114 | ) | |
| | ) | |
| and | ) | |
| | ) | |

DERRICK DUGGER              )
Inmate Number: A763356     )
c/o North Central Correctional Institution  )
670 Marion-Willamsport Road    )
Marion, Ohio 43302        )
                       )
         Defendants.     )
                       )

Plaintiff, by and through her attorneys, files the following Complaint against the above-named

Defendants, and for her cause of action, states and avers as follows:

1.     At all times material herein, Plaintiff Shanja Jones (hereinafter "Plaintiff") was a

resident of Cuyahoga County in the State of Ohio. Moreover, at all times material, Plaintiff was a

student at Defendants Cleveland Metropolitan School District at East Tech High School, Cleveland,

Ohio having attended the East Tech High School from approximately August 2017 until May 2021.

Her date of birth is October 21, 2002 and thus, at all times material, she was a minor student of all

Defendants.

2.     Defendants Cleveland Metropolitan School District, Cleveland Metropolitan School

District Board of Education and East Tech High School (hereinafter "East Tech") are a non-profit

corporation, duly organized and existing pursuant to the laws of the State of Ohio, which owns and

operates East Tech High School located at 2439 East 55th Street; Cleveland, Ohio 44104.  As such

they have to comply with various requirements regarding schools put forth by the State of Ohio and

the Ohio Board of Education.

3.     East Tech has a special relationship as it relates to their students, including Plaintiff,

to protect their students including Plaintiff.  They employed the individual Defendants named herein

including Derrick Dugger. They had duties to investigate Derrick Dugger.  They have certain duties

to protect minors, students and/or participants in their programs from child abuse and sexual abuse,

to report child sexual abuse, and to prevent ongoing harm from child sexual abuse and/or grooming.

These duties included reporting even any allegation or suspicion of child abuse and/or grooming.  At all times material, they were an "actor" and knew or should have known about the child abuse of Plaintiff.  At all times material, they had a custom and/or practice of not investigating and/or hiding grooming behaviors of their employees including Derrick Dugger.  They had a custom and/or practice that amounted to deliberate indifference, negligence, and wanton and reckless conduct.

4.      East Tech receives federal funding and financial assistance within the meaning of 20 U.S.C. § 1681(a) and are otherwise subject to Title IX.

5.      At all times relevant herein, Defendant Eris S. Gordon ("Gordon") was the CEO of the Cleveland Metropolitan School District and had duties to protect Plaintiff.  He knew or should have known about the child abuse of Plaintiff.

6.      At all times relevant herein, Gordon was an employee and/or agent of East Tech and was acting within the course and scope of his employment and/or agency with Defendant East Tech, such that Defendant East Tech is liable for his negligent acts and/or omissions pursuant to the doctrine of *respondeat superior*.  He is sued in his individual and representative capacity.  At all times material, he was an "actor."

7.      At all times relevant herein, Defendant Temujin H. Taylor ("Taylor") was the principal of East Tech High School and had duties to protect Plaintiff.  He knew or should have known about the child abuse of Plaintiff.

8.      At all times relevant herein, Taylor was an employee and/or agent of Defendant East Tech and was acting within the course and scope of his employment and/or agency with Defendant East Tech, such that Defendant East Tech is liable for his negligent acts and/or omissions pursuant to the doctrine of *respondeat superior*.  He is sued in his individual and representative capacity.  At all times material, he was an "actor."

9.      Defendant Derrick Dugger ("Dugger") is the former security guard at East Tech High School. At all times material Dugger was an actor, a teacher and/or administrator and had power and authority over Plaintiff.

10.     Upon information and belief Dugger was not licensed pursuant to O.R.C. 3319.301 such that he and the other Defendants are not entitled to immunity contained in chapter 2744.01. He had grooming and/or recruiting propensities that were known to all Defendants.  In other words, all Defendants knew he would get close to young children in inappropriate or questionable ways.

11.     This Court has jurisdiction over the subject matter of this case pursuant to R.C. 2305.111(C), as it is timely brought within twelve years of the date on which Plaintiff reached the age of majority and all Plaintiffs claims are against all Defendants as actors and are all childhood sexual abuse or resulting from or all about childhood sexual abuse.

12.     R.C. 2305.111(C) provides, in pertinent part "an action brought by a victim of childhood sexual abuse **asserting any claim resulting from child sexual abuse**, shall be brought within twelve years after the cause of action accrues.  For purposes of this section . . . a cause of action . . . accrues upon the date on which the victim reaches the age of majority."  **(Emphasis added)**.

13.     Plaintiff is a victim of childhood sexual abuse and brings the claims described herein that are resulting from childhood sexual abuse within twelve years of her age of majority.

14.     Venue is proper in Cuyahoga County because the events giving rise to all or part of the claims for relief enumerated herein occurred in Cuyahoga County, Ohio.

15.     Plaintiff attended East Tech High School August of 2017 until May of 2021 and was subject to the power and authority of Dugger.  Dugger used his power and authority to groom Plaintiff for childhood sexual abuse and to commit childhood sexual abuse upon Plaintiff. At all times relevant herein, Plaintiff was a minor under the age of eighteen.

16.     Dugger, while on East Tech school grounds and/or property, groomed Plaintiff. This happened from August of 2017 until November of 2018.

17.     Dugger made inappropriate sexual comments to Plaintiff.

18.     Duggger's grooming and other inappropriate conduct such as sexual comments to students were reported to officials at the school and nothing was done.

19.     Duggger's grooming and other inappropriate conduct such as sexual comments to students were reported by female security guards to school officials and nothing was done.

20.     A report about Dugger's inappropriate sexual behavior with children was made to East Tech officials prior to the abuse on Plaintiff but East Tech failed to investigate and take action.

21.     Dugger physically touched Plaintiff for his sexual gratification at East Tech High School.

22.     Dugger sent unsolicited pictures of his genitalia to Plaintiff.

23.     Dugger, has committed, amongst other things, gross sexual imposition upon Plaintiff.

24.     The location and description of where Dugger was able to commit his acts is a defect for an office in a school as a result Plaintiffs claims against all defendants, at least in part, are based on physical defects on the grounds and Defendants are, therefore, not entitled to immunity pursuant to O.R.C. 2744.02 (B)(4).

25.     Dugger's actions with Plaintiff were either known to the other Defendants and they failed to do anything about it, consented to it and/or they were willfully ignorant.  Furthermore, they were malicious, acting in bad faith, wanton, or reckless.  Plaintiff, a minor at the time, was under the power and control of this adult and/or aide and/or security guard. Dugger's actions with Plaintiff were foreseeable to all Defendants and all Defendants saw his actions with Plaintiff as likely.

26.     Upon information and belief Defendants themselves did not report any of Dugger's

actions, propensities, or grooming to authorities. This is violation of child abuse reporting statutes and negligence per se. As such, Defendants are not entitled to any immunity pursuant to O.R.C. 2744.02 (B)(5).

27.     The Board and/or School, upon information and belief, never conducted a full investigation in violation of Title IX and Section 1983.

28.     All Defendants had duties to not allow this to happen and investigate even the possibility of it happening but negligently, willfully and recklessly failed at those duties and allowed it to happen.

29.     Defendants East Tech, Gordon, and Taylor were negligent and/or recklessness in supervising Defendant Dugger.

30.     Upon information and belief Dugger had committed similar acts, as those described above, on other students prior to those on Plaintiff and this was known or should have been known to Defendants East Tech, Gordon, and Taylor. This was negligent, reckless, and violated provisions of the Ohio Revised Code.

31.     Defendants East Tech, Gordon, and Taylor negligently retained and/or supervised Dugger and are not subject to immunity because this was negligence and took place on the grounds of the school.

## COUNT I

### GROSS SEXUAL IMPOSITION AND SEXAUL IMPOSITION AND/OR ATTEMPT PURSUANT TO 2907.05 AND 2907.06

32.     All of the statements and averments in the foregoing Paragraphs are incorporated by reference as if fully rewritten herein.

33.     Defendant Dugger was a "teacher, administrator, coach, or other person in authority employed by or serving in a school" within the meaning of R.C. 2305.111(A)(1)(b)(iii).

34.     Defendant Dugger's inappropriate contact with Plaintiff who was a minor, which is more fully described above, would constitute a violation of 2907.05 and R.C. 2907.06 or an attempt under either.

35.     Defendant Dugger's actions were harmful and offensive to Plaintiff and her sense of personal dignity.

36.     Pursuant to R.C. 2305.111(A)(1)(b), Defendants conduct constituted "childhood sexual abuse."

37.     As a direct and proximate result of Defendant Dugger's offensive and inappropriate actions with Plaintiff, she has suffered damages including, *inter alia*, severe emotional pain and trauma, anxiety, and has incurred medical expenses and will continue to incur medical expenses, all of which are permanent in nature and will continue.

## COUNT II

### NEGLIGENT HIRING, RETENTION, AND SUPERVISION

38.     All of the statements and averments in the foregoing Paragraphs are incorporated by reference as if fully rewritten herein.

39.     At all times relevant herein, Defendant Dugger was an employee and/or agent of Defendant East Tech.

40.     Defendants East Tech, Gordon, and Taylor failed to take any steps to investigate, report, stop, or prevent Dugger from behaving inappropriately with female students including Plaintiff.

41.     East Tech, Gordon, and Taylor permitted his regular contact with female students unsupervised with conscious disregard for the rights and safety of Plaintiff and East Tech's other female students.

42.     Defendants failed to perform an adequate investigation of Dugger prior to hiring him, failed to discipline and/or terminate Dugger after acquiring actual knowledge that he engaged in inappropriate acts and/or relationships with female students, and/or improperly concealed information and minimized reports regarding Dugger engaging in such acts and/or relationships with students.

43.     In light of the actual knowledge of Dugger's inappropriate conduct with students, Defendants' retention of Dugger as an employee and/or agent —which permitted his regular contact with female students unsupervised—was reckless and with conscious disregard for the rights and safety of Plaintiff and other female students.

44.     If Defendants had taken appropriate action after acquiring actual knowledge of Dugger's inappropriate behavior, Dugger would not have been hired, or he would have been terminated, and Plaintiff would not have been subjected to the inappropriate contact described above.

45.     As a direct and proximate result of Defendants' negligence and/or recklessness in hiring, retaining, and/or supervising Dugger, Plaintiff suffered, *inter alia*, inappropriate, and sexually charged actions, an invasion of her right to privacy, severe emotional pain and trauma, and anxiety. It is all resulting from childhood sexual abuse at the hands of actors Defendants.

46.     As a further direct and proximate result of Defendants' negligence and/or recklessness in its hiring, retention, and/or supervision of Defendant Dugger, Plaintiff has required therapy and medical treatment, and has incurred medical expenses, and will require additional therapy and medical treatment and incur additional medical expenses into the indefinite future.

47.     As a direct and proximate result of Defendants' negligence and/or recklessness in supervising Defendant Dugger, Plaintiff suffered, *inter alia*, inappropriate, and sexually charged actions, an invasion of her right to privacy, severe emotional pain and trauma, and anxiety.  It is all resulting from childhood sexual abuse at the hands of actors Defendants.

48.     As a further direct and proximate result of Defendants' negligence and/or recklessness in supervising of Defendant Dugger, Plaintiff has required therapy and medical treatment, and has incurred medical expenses, and will require additional therapy and medical treatment and incur additional medical expenses into the indefinite future.

## COUNT III

### INFLICTION OF EMOTIONAL DISTRESS

49.     All of the statements and averments in the foregoing Paragraphs are incorporated by reference as if fully rewritten herein.

50.     Defendants violated Plaintiff's right to privacy by engaging in inappropriate sexual conduct and gross sexual imposition and/or attempted towards and with Plaintiff, all of which was inappropriate, unwarranted, unwelcomed, and nonconsensual and/or the result of coercion and power over Plaintiff.

51.     Defendants acted intentionally and/or recklessly and knew or should have known that their actions and/or inactions could and/or would result in severe emotional distress to Plaintiff.

52.     All Defendant's conduct was so extreme and outrageous, as described above, to go beyond all possible bounds of decency and is such that it would be considered utterly intolerable in a civilized community.

53.     Plaintiff's injuries and psychological injuries, as described above, proximately resulted from the actions of all Defendants.

54.     Plaintiff has suffered mental anguish that is serious and of a nature that no reasonable person could be expected to endure it.

55.     All Defendant's conduct, as described above, is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, is atrocious, and utterly intolerable

in a civilized community – especially in a civilized community that is currently addressing its history of sexual assault and abuse at the hands of those in power as evidence by the "# me too movement." In this environment, the community would certainly be outraged at the facts contained in this Complaint, have resentment against the Defendants, and lead a member of the community to exclaim "outrageous."

56.     The allegations in this Complaint are not mere insults, indignities, threats, annoyances, petty oppression, or other trivialities as evidence by how Plaintiff has tried and attempted to cope but still requires therapy and treatment.

57.     As a direct and proximate result of Defendants' reckless conduct, Plaintiff suffered, *inter alia*, severe emotional distress, pain, and trauma, anxiety, and has required therapy and medical treatment, and has incurred medical expenses, and will require additional therapy and medical treatment and incur additional medical expenses into the indefinite future.

## COUNT IV

## VIOLATION OF TITLE IX OF THE U.S. CODE AGASINT ALL DEFENDANTS

58.     All of the statements and averments in the foregoing Paragraphs are incorporated by reference as if fully rewritten herein.

59.     This count of Plaintiff's Complaint arises under Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688 (hereinafter, "Title IX") due to all Defendants' deliberate indifference to sexual assault.

60.     This Court has concurrent jurisdiction over Plaintiff's Count for violations of Title IX pursuant to *Taffin v. Levit* 493 U.S. 455 (1990).

61.     Defendant East Tech receives federal funding and financial assistance within the meaning of 20 U.S.C. § 1681(a) and is otherwise subject to Title IX.

62.     Title IX prohibits federally funded institutions such Defendant East Tech from engaging in discrimination on the basis of sex. Sexual abuse and harassment is included within the meaning of "discrimination" under Title IX.

63.     Sexual abuse or harassment of a student and/or participant creates a hostile environment if the conduct is sufficiently severe that it denies or limits a student's and/or participants ability to participate in or benefit from educational programs. Here Plaintiff had to leave the school because of the actions of Defendants.

64.     Title IX requires schools to promptly investigate student complaints of sexual harassment, and to take interim measures to ensure that its students are not subjected to a hostile education environment. The failure to do so amounts to "deliberate indifference" for which Defendant East Tech may be held liable under Title IX.

65.     Defendants East Tech, Gordon, and Taylor failed to take measures to ensure the safety of Plaintiff and, undoubtedly, others from the acts of Dugger.

66.     All Defendants lack of action constitutes "deliberate indifference" in violation of Title IX.

67.     As a direct and proximate result of Defendants East Tech, Gordon, and Taylor vilaton of Title IX, Plaintiff suffered damages and continues to suffer damages.

68.     As a direct and proximate result of Defendants East Tech, Gordon, and Taylor's violations of Title IX, Plaintiff was deprived of equal access to education opportunities.  Plaintiff is entitled to monetary and injunctive relief.

## COUNT V

## NEGLIGENCE AGASINT ALL DEFENDANTS

69.     All of the statements and averments in the foregoing Paragraphs are incorporated by reference as if fully rewritten herein.

70.    All Defendants had a duty to protect Plaintiff from the child abuse and sexual abuse she suffered at the hands of Dugger.

71.    All Defendants had an affirmative duty to ensure their employees and/or affiliates such as Dugger were not of the type or character that would commit child abuse and sexual abuse.

72.    All Defendants had a duty to investigate any potentiality of child abuse or sexual abuse at their school and/or programs.

73.    All Defendants knew or should have known or should have investigated whether Dugger was committing child abuse and sexual abuse upon Plaintiff.

74.    All Defendants breached their duties as described in paragraphs above and were negligent.

75.    As a direct and proximate result of the negligence of all Defendants Plaintiff has suffered immensely, continues to suffer, has emotional distress, psychological damage, and economic damages.  Plaintiff is entitled to monetary and injunctive relief.

## COUNT VI

### NEGLIGENCE PER SE AGASINT ALL DEFENDANTS FOR VIOLATION OF O.R.C. 2151.421 AND OTHER STATUTES

76.    All of the statements and averments in the foregoing Paragraphs are incorporated by reference as if fully rewritten herein.

77.    All Defendants had a duty to protect Plaintiff from the child abuse and sexual abuse she suffered at the hands of Dugger.

78.    All Defendants had an affirmative duty to ensure their employees and/or affiliates such as Dugger were not of the type or character that would commit child abuse and sexual abuse.

79.    All Defendants had a duty to investigate any potentiality of child abuse or sexual abuse at the class and/or program described herein.

12

80.    All Defendants knew or should have known or should have investigated whether or not Dugger was committing child abuse and sexual abuse upon Plaintiff.

81.    Defendants had a duty pursuant to O.R.C. 2151.421 to report all the abuse and neglect and even suspicion of abuse in neglect alleged in this complaint and failed to do so at all.

82.    All Defendants breached their duties as described in paragraphs above and were negligent and negligent per se.

83.    As a direct and proximate result of the negligence of all Defendants Plaintiff has suffered immensely, continues to suffer, has emotional distress, psychological damage, and economic damages.  Plaintiff is entitled to monetary and injunctive relief.

## COUNT VII

**VIOLATION OF SECTION 1983 OF THE U.S. CODE AGASINT ALL DEFENDANTS IN THEIR INDIVIDUAL AND OFFICIAL CAPAICTY FOR FAILURE TO SUPERVISE, TRAIN, AND TAKE CORRECTIVE MEASUURES CAUSING CONSTITUTIONAL VIOLATIONS OF THE FOURTEENTH AMENDMENT AND DUE PROCESS (a Monell Claim pursuant to *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)).**

84.    All of the statements and averments in the foregoing Paragraphs are incorporated by reference as if fully rewritten herein.

85.    Plaintiff is a citizen of the United States.

86.    Plaintiff was deprived of her federal rights of due process and against discrimination based on sex.

87.    Her depravation of rights was committed by all Defendants who were acting under color of state law.  School children have a constitutional right to personal security and to bodily integrity . . . This right includes the right to be free from sexual abuse at the hands of public-school employees. *See Kallstrom v. City of Columbus,* 136 F. 3d 1055, 1062 (6th Cir. 1998).

88.    There was a clear and persistent pattern of sexual abuse by school employees.

89.    The school had notice and/or constructive notice.

90.    All Defendants approved and/or ratified and/or tacitly approved the sexual abuse which amounted to an official policy of inaction. This was the moving force behind Plaintiff's deprivation of rights and damages.

91.    All Defendants knew of a custom, propensity, and pattern at times relevant to the allegations herein, as described above, that among teachers and staff there was a pattern for failing and/or refusing to investigate and take seriously discrimination based on sex.  All Defendants disregard of the knowledge, or failure and/or refusal to adequately investigate and discover and correct such customs and propensities, proximately caused the violation of the Constitutional rights of Plaintiff as alleged herein.

92.    Plaintiff is informed and believes and thereon alleges that All Defendants knew or should have known of their pattern or practice of unconstitutional violations, or the existence of facts, practices, customs and/or habits, which create the strong potential for unconstitutional acts, and All Defendants had a duty to supervise, train, and instruct their subordinates to prevent similar acts to others and Plaintiff, but failed and/or refused to take reasonable and necessary steps to properly supervise, train, instruct, or investigate teachers and staff and as a direct and proximate result, Plaintiff was harmed by the patterns or practices.

## **PRAYER FOR RELIEF**

**WHEREFORE,** on all Counts set forth above, Plaintiff prays for judgment in her favor and against all Defendants, jointly and/or severally, as follows:

A.  Compensatory damages in the amount in excess of $25,000.00;

B.  Punitive damages in an amount to be determined at trial;

C. Pre- and/or post-judgment interest as allowed by law;

D. Reasonable costs and attorneys' fees incurred in bringing this action; and,

E. Any and all other relief that this Court may deem just and proper to adequately compensate Plaintiff for her injuries in this matter.

Respectfully submitted,

*/s/ Thomas D. Robenalt*

THOMAS D. ROBENALT (#0055960)
JOHN COLAN (#0081778)
**THE ROBENALT LAW FIRM, INC.**
23550 Center Ridge Road, Suite 103
Westlake, Ohio 44145
Phone: (216) 223-7535
Fax: (216) 307-2352
Email: trobenalt@robenaltlaw.com
Email: jcolan@robenaltlaw.com

*Attorneys for Plaintiff*

### DEMAND FOR TRIAL BY JURY

Pursuant to Civ.R. 38(B), Plaintiff hereby demands a trial by jury of all claims listed herein that are so triable.

Respectfully submitted,

*/s/ Thomas D. Robenalt*

THOMAS D. ROBENALT (#0055960)
JOHN COLAN (#0081778)
**THE ROBENALT LAW FIRM, INC.**
23550 Center Ridge Road, Suite 103
Westlake, Ohio 44145
Phone: (216) 223-7535
Fax: (216) 307-2352
Email: trobenalt@robenaltlaw.com
Email: jcolan@robenaltlaw.com

*Attorneys for Plaintiff*

### THE COURT OF COMMON PLEAS, CIVIL DIVISION
### CUYAHOGA COUNTY, OHIO

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

SHANJA JONES
**Plaintiff**

V.

CLEVELAND METROPOLITAN SCHOOL
DISTRICT, ET., ET AL
**Defendant**

CASE NO.  CV22964451

JUDGE  WANDA C JONES

# SUMMONS  SUMC  CM

Notice ID:  47801226

From:  SHANJA JONES          P1
       6028 SUPERIOR AVENUE
       CLEVELAND OH 44103

Atty.:  THOMAS D ROBENALT
        23550 CENTER RIDGE ROAD
        SUITE #103
        WESTLAKE, OH 44145-0000

To:  DERRICK DUGGER          D6
     C/O NORTH CENTRAL CORRECTIONAL
     INSTITUTION
     INMATE NUMBER A763356
     P.O. 1812
     MARION OH 43301-0000

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff.  You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

Date Sent: 06/13/2022

By_____
                        Deputy

CMSN130